UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

IN RE: )
)
Lester Eric Lipford, )   Case No. 04-83766C-13D
)
        Debtor. )
)

ORDER AND OPINION

This case came before the court on March 9, 2006, for hearing upon Debtor's motion to modify the confirmation order that was entered in this case on March 25, 2005. Appearing for the hearing were Karen G.Z. Macklin, attorney for the Debtor, Pamela P. Keenan, attorney for GMAC, and Richard M. Hutson, II, appearing as Chapter 13 Trustee.

The portion of the confirmation order that the Debtor seeks to modify is the provision dealing with the claim of GMAC. The provision in question provides that "[t]he claim due GMAC secured by [Debtor's 2003 Chevrolet tow truck] is allowed as secured in the amount of $24,592.50 plus interest at the rate of 7.25% and unsecured in the amount of $14,489.96." Debtor seeks to modify this provision by eliminating the language that allows GMAC an unsecured claim of $14,489.96. For the reasons that follow, the court has concluded that the motion to modify should be denied.

The plan and confirmation order in this case deal specifically with the claim of GMAC. In unambiguous language, the confirmation order allows GMAC a secured claim as well as an unsecured claim in the amount of $14,489.96. Upon confirmation of a plan, "res judicata bars the assertion of any cause of action or objection which was raised, or which could have been raised, prior to confirmation." In

re Clark, 172 B.R. 701, 703 (Bankr. S.D. Ga. 1994). A confirmation order in a Chapter 13 case which allows a claim bars re-litigation of that claim. See In re Duke, 153 B.R. 913, 918 (Bankr. N.D. Ala. 1996). The assertion that GMAC is not entitled to have an unsecured claim as a result of the Debtor's earlier Chapter 7 case is a matter which could have been raised prior to confirmation, and the Debtor's effort to now raise the issue involves an effort to re-litigate the claim and treat it differently than it is treated under the confirmation order.

While section 1329 of the Bankruptcy Code provides a mechanism for modification of a plan after confirmation, the rule in this Circuit is that a confirmed plan may not be modified unless the movant establishes that there has been an unanticipated, substantial change of circumstances since the plan was confirmed. See In re Arnold, 869 F.2d 240, 243 (4th Cir. 1989); In re Butler, 174 B.R. 44 (Bankr. M.D.N.C. 1994). No such showing was made by the Debtor in the present case. Consequently, the Debtor is not entitled to modify the confirmation order and remains bound by the provision in the confirmation order that allows GMAC an unsecured claim in the amount of $14,489.96. It follows that the Debtor's motion to modify the plan, therefore, must be denied.

IT IS SO ORDERED.

This 10th day of March, 2006.

_William L. Stocks_
WILLIAM L. STOCKS
United States Bankruptcy Judge

PARTIES IN INTEREST

Lester Eric Lipford
201 Maymount Drive
Durham, NC 27703

Karen G. Z. Macklin, Esq.
P.O. Box 2052
Chapel Hill, NC 27515

Pamela P. Keenan, Esq.
P.O. Box 19766
Raleigh, NC 27619

Richard M. Hutson, II
Trustee