UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

IN RE: )
)
Lester Eric Lipford, ) Case No. 04-83766C-13D
)
Debtor. )
)

ORDER AND OPINION

This case came before the court on March 9, 2006, for hearing upon Debtor's objection to Claim Number 2003 of GMAC. Appearing for the hearing were Karen G.Z. Macklin, attorney for the Debtor, Pamela P. Keenan, attorney for GMAC, and Richard M. Hutson, II, appearing as Chapter 13 Trustee.

The Debtor's objection seeks the disallowance of GMAC's claim to the extent that it includes an unsecured portion in the amount of $14,489.96. The Debtor's argument is that GMAC should be limited to a secured claim of $24,592.50, the value of the 2003 Chevrolet truck which is subject to the lien held by GMAC. The Debtor bases this argument upon his having received a discharge in an earlier Chapter 7 case in which GMAC was listed as a creditor. For the reasons that follow, the court has concluded that Debtor's objection should be overruled.

The plan and confirmation order in this case deal specifically with the claim of GMAC. The provision that is determinative is contained in the confirmation order and provides: "The claim due GMAC secured by [Debtor's 2003 Chevrolet tow truck] is allowed as secured in the amount of $24,592.50 plus interest at the rate of 7.25% and unsecured in the amount of $14,489.96." The confirmation order thus allows GMAC a secured claim as well as an unsecured claim in the amount

of $14,489.96. Upon confirmation of a plan, "res judicata bars the assertion of any cause of action or objection which was raised, or which could have been raised, prior to confirmation." In re Clark, 172 B.R. 701, 703 (Bankr. S.D. Ga. 1994). A confirmation order in a Chapter 13 case which allows a claim bars re-litigation of that claim. See In re Duke, 153 B.R. 913, 918 (Bankr. N.D. Ala. 1996). The assertion that GMAC is not entitled to have an unsecured claim as a result of the Debtor's earlier Chapter 7 case is a matter which could have been raised prior to confirmation, and the Debtor's effort to now raise the issue involves an effort to re-litigate the claim and treat it differently than it is treated under the confirmation order.

While section 1329 of the Bankruptcy Code provides a mechanism for modification of a plan after confirmation, the rule in this Circuit is that a confirmed plan may not be modified unless the movant establishes that there has been an unanticipated, substantial change of circumstances since the plan was confirmed. See In re Arnold, 869 F.2d 240, 243 (4th Cir. 1989); In re Butler, 174 B.R. 44 (Bankr. M.D.N.C. 1994). No such showing was made by the Debtor in the present case. Consequently, the Debtor remains bound by the provision in the confirmation order that allows GMAC an unsecured claim in the amount of $14,489.96. It follows that the Debtor's objection to the claim of GMAC, therefore, must be overruled and denied.

IT IS SO ORDERED.

This 10th day of March, 2006.

*William L. Stocks*
WILLIAM L. STOCKS
United States Bankruptcy Judge

## PARTIES IN INTEREST

Lester Eric Lipford
201 Maymount Drive
Durham, NC 27703

Karen G. Z. Macklin, Esq.
P.O. Box 2052
Chapel Hill, NC 27515

Pamela P. Keenan, Esq.
P.O. Box 19766
Raleigh, NC 27619

Richard M. Hutson, II
Trustee